## West Pike Run Township Supervisors v. Deems

*Oliver N. Hormell*, for plaintiffs.
*George B. Stegenga*, for defendant.

TERPUTAC, *J.*, June 18, 1985—On April 30, 1985, West Pike Township presented to the court a

petition for a rule to show cause why defendant Charles L. Deems, Jr., should not be held in contempt. It was agreed by counsel that this was in effect a civil contempt proceeding, not any type of criminal contempt. The thrust of the petition was to coerce compliance by defendant rather than to punish.

Ordinarily, the procedure in such a case is this: (1) a rule to show cause why an attachment should not issue; (2) an answer and hearing; (3) a rule absolute after the hearing; (4) a hearing on the contempt citation which is usually conducted at a later time; and (5) an adjudication with the imposition of a sentence. Altemose Const. v. Building and Trades Council, 449 Pa. 194, 296 A.2d 504 (1972). However, in the instant case, counsel agreed that the entire proceeding would encompass the procedures required for civil contempt and that no further hearings or orders were necessary.

At the inception of the hearing, the court informed defendant of the nature of the charges against him, notified him that this was a civil contempt proceeding, informed him that he had an opportunity to be heard, and advised him of the steps in a civil contempt proceeding, stating that the instant matter would be determined by adjudication and that no further hearings were necessary.

After careful review of the testimony and exhibits in this case, and granting to petitioner the benefit of questions of credibility and weight of the evidence, the court finds defendant Charles L. Deems, Jr., in civil contempt of our order of March 4, 1985, and an appropriate order of adjudication will be rendered.

The contention of petitioner (for brevity in this matter, the court will consider the township as petitioner and not individual petitioners) is that Deems was really asserting defenses to the mandamus ac-

tion and such defenses were improper in a civil contempt proceeding. The township further argued that the matter entirely hinged on credibility, asking the court to levy such a fine that would reimburse the township for the compensatory damages, including attorney's fees, which have resulted since our order of March 4, 1985, and as a result of violation of our order by defendant. The other matters of expenses, damages and financial losses which preceded our order of March 4 are not before the court; these matters will be dealt with in a surcharge proceeding before the court.

On the other hand, defendant avers that he has made good-faith efforts to comply with our order of March 4, 1985; that he has sent letters, made many phone calls and taken other action to demonstrate to the court that he has done everything that he could possibly do in order to comply with the order. He asserts that since he has not been contumacious, he should not be found guilty of any civil contempt and the petition should be dismissed.

It is true that certain documents and records have been obtained since our order of March 4, 1985. The ordinance book, which had been in the possession of a former solicitor, has been delivered to the present township solicitor. The court finds that the Federal Revenue Sharing Audit records were not a matter that defendant could produce and, accordingly, that portion of our previous order need not be complied with. As to item 2(f) of our order, we find that the monthly statements need not be produced; the cancelled checks have not been produced, but they should be, as to the Pennsylvania Local Government Investment Trust Revenue Sharing account and the collateral accounts thereto. The State Liquid Fuels account use reports under section 2(b) of our order have been produced. Most of the Penn-

sylvania National Bank records for various accounts have been produced in that either Deems or the township has secured those records from the bank. In any event, there is no substantial problem with these, except as to the payroll account checkbook. This payroll checkbook is a matter of serious importance, for without this payroll book, the township is virtually unable to reconstruct the payroll records to show how many deductions have been made for state and federal tax purposes. Accordingly, the township has serious difficulty in preparing the quarterly reports for state and federal purposes, and in paying the taxes due thereon.

Nonetheless, the court finds that certain documents and records of which Mr. Deems either had custody or responsibility continue to be missing and have not been produced. The matter of our prior decision in the mandamus action forecloses the defenses about custody and responsibility, and no appeal was taken therefrom. However, the court must listen to the testimony of defendant regarding his efforts to comply in good faith with the prior order. Without an enumeration of all the missing documents and records, we find that Mr. Deems has not produced the following items which he should have produced, and that good-faith efforts to produce them have not been made. The items are as follows:

"(1) the minute book prior to the 1982-83 minute book;

(2) some of the quarterly reports of the State and Federal Government on withholding and Social Security taxes;

(3) the unemployment compensation records for 1983 under paragraph 2(d);

(4) the W-2 records under paragraph (e);

(5) the Liquid Fuels account book;

(6) eleven of the purchase orders listed under subparagraph (j) of our order of March 4 (some of the purchase orders have been produced since that order);

(7) some of the cash receipts and cash disbursement records under subparagraph (n);

(8) copies of leases and contracts;

(9) the payroll checkbook for 1983;

(10) the three original deeds of which Mr. Deems admitted that he had custody at one time; and

(11) the W-2 forms of the employees, those listed in our March 4 order."

There is no doubt that Mr. Deems has made an effort towards obtaining some of these records. In accordance with our order of March 4, there is no doubt that he must produce the records indicated herein and other records stipulated in our prior order which may be of less importance. Nevertheless, important documents which belong to the township are missing and it may well be that the documents might never be recovered. Though some of the missing records are not important to the efficient running of the township, others are very important. Tax liabilities to state and federal government agencies are dependent on accurate records, some of which are unemployment records, information of withholding taxes, and others; if tax liabilities are not paid, interest and penalties accrue. At the time of the contempt hearing, the problems with the Internal Revenue Service still had not been resolved. Of all the records, however, which bear on efficiency in the operation of the township business, the payroll checkbook is the most important.

Our order of March 4 stated that Deems had possession and control of this payroll checkbook. It has not been turned over to the township. To recon-

struct the information contained in that checkbook would, in our opinion, be difficult, if not impossible. The information required for other records is dependent on the figures contained in that checkbook.

Deems has produced certain items of information and records (usually copies of records) which he has turned over to the township. Not until after the March 4 order did Mr. Deems make any effort to obtain the records or to secure duplicates. In addition to the payroll checkbook, other records of importance are: the minute book predating 1982, the deeds for township property (it is idle for him to say he has obtained copies from the Office of the Recorder of Deeds), and the tax records including quarterly reports.

Since this is a civil contempt proceeding, our appellate courts have held that there is no contempt in refusing to obey an order when the alleged contemnor, without fault on his part, is unable to comply with the order. If it is demonstrated that he is unable to perform, rather than wilfully disobeys, and has in good faith attempted to comply with the court order, the purposes for punishing noncompliance are eliminated. Grubb v. Grubb, 326 Pa. Super. 218, 473 A.2d 1060 (1984). A showing of noncompliance with a court order is in itself not sufficient to prove contempt. If a person has made a good-faith attempt to comply with the order, but without any fault on his part cannot possibly comply fully, he may not be convicted of a civil contempt. Commonwealth, Dept. of Environmental Resources v. Pennsylvania Power Company, 461 Pa. 675, 337 A.2d 823 (1975).

Furthermore, a simple adjudication of contempt coerces with a conditional or indeterminant sentence of which the contemnor may relieve himself by obeying the court's order. Where the contempt is

civil in nature, the court must impose conditions on the sentence so as to permit the contemnor to purge himself; he must be allowed to carry the keys to the jail in his pocket. Schnabel Associates, Inc. v. Building and Construction Trades Council, 338 Pa. Super. 376, 487 A.2d 1327 (1985).

As determined in our prior adjudication, Deems was responsible for, and had custody of, many documents which have disappeared and may never be recovered. Although we find that he has made an initial effort to retrieve some of the records and documents, we do not believe that what he has done rises to the level of a good-faith effort to comply with our order. And, we do not believe that Deems has adequately shown complete impossibility of compliance. It may never be known what happened to those documents, but under the circumstances, and owing to the fact that impossibility of compliance has not been shown conclusively, we find that an adjudication of civil contempt is obligatory.

In making this decision and imposing sentence, we must make it clear that our efforts herein are not to punish, but to coerce. We will impose an unconditional fine on account of his past conduct, but we will also impose a conditional fine. Thus, Deems may relieve himself of the burden of the conditional fine by complying fully with our order of March 4, 1985. In this manner, we will allow Deems, in effect, to carry the keys to his punishment in his pocket, while at the same time we hope to finally resolve the question surrounding these documents.

## ORDER

And now, this June 18, 1985, the court orders, adjudges, and decrees as follows:

1. Charles L. Deems, Jr., is hereby found to be in civil contempt of the court's order of March 4, 1985;

2. He is ordered and directed to pay an unconditional fine in the amount of $500 to the Washington County Law Library Fund.

3. He is further ordered and directed to pay a conditional fine to the Washington County Prothonotary as follows: The amount of $50 per week beginning July 1, 1985, and each Monday of each week thereafter the amount of $50 until compliance with our order of March 4, 1985 is completed. The prothonotary shall (a) accept such payments by defendant without requiring that a praecipe be filed with each payment, (b) hold these funds separate and apart from all others, (c) not assess any poundage on the funds, and (d) pay all funds collected pursuant to this order to West Pike Run Township only upon further order of this court.

4. Finally, the record costs of the mandamus proceeding, including the examiner's fee and costs of securing copies and duplicates assessed by our order of March 4, 1985, if not already paid, shall be paid as assessed.